# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**RICKEY HUNLEY,**

       *Plaintiff,*

**v.**
                            Case No. 6:22-cv-06010-DGL

**DTLR VILLA, INC.,**

       *Defendant*.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Taren Greenidge, Esq.
Constangy, Brooks, Smith & Prophete, LLP
481 Penbrooke Drive, Suite 4B
Penfield, New York 14526

Maureen R. Knight, Esq., VA Bar No. 47053
*Pro Hac Vice motion to follow*
Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Parkway, Suite 300
Fairfax, Virginia 22033
**Counsel for Defendant DTLR, Inc.**

## <u>TABLE OF CONTENTS</u>

I.    Introduction ...................................................................................................2

II.   Summary of Allegations.................................................................................3

III.  Dismissal Standard under Federal Rule of Civil Procedure 12(b)(6) ............................4

IV.   Legal Argument .............................................................................................4

V.    Conclusion ....................................................................................................12

## TABLE OF AUTHORITIES

*Cases*

*Abdu–Brisson v. Delta Air Lines, Inc.,*
239 F.3d 456, 466 (2d Cir. 2001) .................................................................................6

*Adams v. Ellis*, 09 Civ. 1329,
2012 WL 693568, at *16 (S.D.N.Y. Mar. 2, 2012) ....................................................12

*Amaya v. Ballyshear LLC,*
295 F. Supp. 3d 204, 220 (E.D.N.Y. 2018) .................................................................8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 570 (2007) ............................................................................................4

*Beshty v. Gen. Motors,*
327 F. Supp. 2d 208, 213 (W.D.N.Y. 2004), aff'd, 144 F. App'x 196 (2d Cir. 2005) ...................8

*Burkybile v. Bd. of Educ.,*
411 F.3d 306, 314 (2d Cir. 2005) ...............................................................................11

*Chamberlin v. Principi,*
247 F. App'x 251, 254 (2d Cir. 2007) .........................................................................11

*Chan v. NYU Downtown Hosp.*,
No. 03 Civ. 3003, 2004 WL 213024, at *3 (S.D.N.Y. Feb.3, 2004) ..........................11

*Clark Cty. Sch. Dist. v. Breeden*,
532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) ........................11

*Curcio v. Roosevelt Union Free Sch. Dist.*,
No. 10-CV-5612, 2012 WL 3646935, at *14 (E.D.N.Y. Aug. 22, 2012) ....................12

*Dotson v. City of Syracuse,*
688 F. App'x 69, 73 (2d Cir. 2017) ............................................................................11

*Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*,
136 F.3d 276, 292 (2d Cir. 1998) .................................................................................9

*Harris v. Mills*,
572 F.3d 66, 72 (2d Cir. 2009) ....................................................................................4

*Harrisman v. City of New York Dep't of Transportation*,
No. 19-CV-2986, 2020 WL 5211043, at *5 (S.D.N.Y. Sept. 1, 2020) .......................12

*Hicks v. Baines*,
593 F.3d 159, 164 (2d Cir. 2010) .................................................................................9

*Johnson v. City Univ. of New York*,
48 F. Supp. 3d 572, 577 (S.D.N.Y. 2014) ...................................................................9

*Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.,*
716 F.3d 10, 17 (2d Cir. 2013) ...................................................................................10

*Kirch v. Liberty Media Corp.,*
449 F.3d 388, 398 (2d Cir. 2006)..................................................................................5

*Lehman v. Bergmann Assocs., Inc.,*
11 F. Supp. 3d 408, 414 (W.D.N.Y. 2014)....................................................................4

*McLee v. Chrysler Corp.,*
109 F.3d 130, 137 (2d Cir. 1997)..................................................................................7

*Murphy v. City of Newburgh,*
785 F. App'x 900, 902 (2d Cir. 2019) ..........................................................................11

*Oncale v. Sundowner Offshore Services, Inc.,*
523 U.S. 75, 80 (1998) ................................................................................................10

*Price Waterhouse v. Hopkins,*
490 U.S. 228, 277 (1989) ..............................................................................................7

*Rogers v. Bank of New York Mellon,*
No. 09 Civ. 8551, 2016 WL 4362204, at *17 (S.D.N.Y. Aug. 15, 2016)....................7

*Santucci v. Veneman,*
No. 01-cv-6644, 2002 WL 31255115, at *4 (S.D.N.Y. Oct. 8, 2002)........................10

*Starr v. Sony BMG Music Ent.,*
592 F.3d 314, 317 (2d Cir. 2010)..................................................................................5

*Tappe v. All. Cap. Mgmt. L.P.,*
177 F. Supp. 2d 176, 184 (S.D.N.Y. 2001) ..................................................................8

*United States ex rel. Hussain v. CDM Smith, Inc.,*
No. 14-cv-9107, 2017 WL 4326523, at *2 (S.D.N.Y. Sept. 27, 2017).........................5

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Mr. Hunley has failed to state a claim for discrimination or retaliation on which relief can be granted and therefore his Complaint should be dismissed.  Mr. Hunley concedes in his Complaint that he was terminated from his employment with DTLR, Inc.[1] after the Company investigated him in connection with a complaint of sexual harassment.  Incredibly, he claims that the true reason for his termination was not the fact that a female employee, supported by a corroborating witness, had accused him of sexual harassment, but rather his race and his sex. Mr. Hunley's only support for this absurd claim is two negative, but not race- or sex-related, comments made more than a year and a half before his termination by a former female supervisor who Mr. Hunley does not allege was involved in the termination decision.  Mr. Hunley further alleges that his termination was in retaliation for a complaint made in the spring of 2019 about that same former supervisor, even though he was not terminated until December 2020.

Notwithstanding Mr. Hunley's conclusory allegations to the contrary, these core facts are insufficient to state a claim as a matter of law.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), DTLR respectfully requests that the Court dismiss the Complaint with prejudice.

---

[1] The Complaint erroneously identifies the defendant as DTLR Villa, Inc.

1

## I.      <u>Introduction</u>

Mr. Hunley's Complaint purports to state claims under Title VII of the Civil Rights Act of discrimination based on race and sex and retaliation for engaging in alleged protected activity. But in order to sufficiently state such claims, even in an initial pleading, the plaintiff must allege facts demonstrating that the adverse action at issue occurred under circumstances giving rise to an inference of discrimination based on some protected characteristic or retaliation based on engaging in protected activity.  Mr. Hunley's Complaint fails to clear this hurdle.

As to his claims of discrimination, the only mention of sex or race in the Complaint is that his supervisor is female and he is a Black man.  Compl. at ¶ 7.  The two comments he alleges were made by this female supervisor – namely, referring to Mr. Hunley as "nothing more than a glorified Store Manager" and asking him, "Can you read!?" – do not implicate sex or race. *Id*.  And even if they did, they would be insufficient to carry his initial burden because they occurred eighteen months to three years before his termination, and they were spoken by a supervisor who was not involved in that termination decision.  *Id.* at ¶¶ 29-34.  Accordingly, Counts I and II of the Complaint—alleging sex- and race-based discrimination, respectively— must be dismissed.

As to his claim of retaliation, the Complaint is equally bereft of supporting allegations. Mr. Hunley alleges that he engaged in protected activity when he complained about his former supervisor in or about the spring of 2019.  *Id.* at ¶ 9.  First, the comments about which he complained were race- and sex-neutral and, as such, do not constitute protected activity under the law.  Second, even if the complaint could be construed as protected activity, DTLR did not terminate Mr. Hunley's employment until <u>December 2020</u>, more than eighteen months after his alleged complaint.  *Id.* at ¶ 29.  Under the precedent of this Court or any other court in the country, a temporal gap of more than eighteen months is woefully insufficient to establish a

2

causal nexus between his alleged protected activity and his termination, particularly here – where Mr. Hunley's termination occurred immediately after the Company investigated complaints of sexual harassment he concedes it received.

The Complaint does not come remotely close to stating a claim of discrimination or retaliation and should be dismissed in its entirety, with prejudice.

## II.   Summary of Allegations

DTLR hired Mr. Hunley in 2017.  Compl. at ¶ 4.  He reported to Teresa Kish at that time. *Id.* at ¶¶ 5-8.  Sometime between 2017 and the spring of 2019, Ms. Kish allegedly referred to him as "nothing more than a glorified Store Manager" and asked Mr. Hunley, "Can you read!?" *Id.* at ¶ 7.

In the spring of 2019, Mr. Hunley allegedly complained about Ms. Kish.  *Id.* at ¶ 9.  In June 2019, DTLR transferred Mr. Hunley to allow him to report to a different supervisor.  *Id.* at ¶ 10.  Immediately after his transfer, Mr. Hunley requested, but his new manager did not approve, additional training in Chicago.  *Id.* at ¶ 13.  At or around the same time, Mr. Hunley had issues pertaining to his 401(k) contributions, issues he alleges other company employees had, as well. *Id.* at ¶ 17.  Sixteen to eighteen months later, in October 2020, Mr. Hunley received a final written warning that he asserts was not warranted.  *Id.* at ¶¶ 20, 22.

Between October and December 2020, Mr. Hunley was the subject of sexual harassment complaints by two subordinates.  *Id.* at ¶¶ 25-34.  He alleges that the first complaint was made by an employee who had a "grudge against [Mr. Hunley] due to the employee not liking the shift [that Mr. Hunley] scheduled him for."  *Id.* at ¶ 26.  DTLR investigated the complaint and "found the complaint was … not to be of any sexual/inappropriate behavior."  *Id.*  The second complaint of sexual harassment was filed by a female subordinate.  *Id.* at ¶ 28.  Mr. Hunley alleges that DTLR's investigation into the second complaint was "biased against [him]" and relied on "the

accusers' emails to HR and out of context text messages" between the accuser and the employee who had "a grudge" against him.  *Id.* at ¶ 31.   The Company terminated Mr. Hunley's employment after concluding its investigation.  *Id.*

III.   **Dismissal Standard under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  A complaint should be dismissed if it does not contain enough allegations of fact to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions; and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (internal quotations omitted).  "Although a plaintiff need not establish a *prima facie* case … to survive a motion to dismiss, courts consider the elements of the *prima facie* case in determining whether there is sufficient factual matter in the complaint, accepted as true, to allow for a reasonable inference that the defendant is liable for the misconduct alleged."  *Lehman v. Bergmann Assocs., Inc.,* 11 F. Supp. 3d 408, 414 (W.D.N.Y. 2014). The court must dismiss a complaint where a plaintiff's allegations "have not nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

IV.   **Legal Argument**

   *A.   Mr. Hunley's Conclusory Statements Cannot Be Used to Support His Claims.*

As the Second Circuit has stated, "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 398 (2d Cir. 2006). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 317 (2d Cir. 2010) (applying *Iqbal* to disregard conclusory allegations when considering a motion to dismiss). Given the frequency (and near exclusivity) with which Mr. Hunley's Complaint relies on conclusory allegations, the Court is unfortunately obliged to begin its analysis by "separat[ing] the wheat from the chaff." *United States ex rel. Hussain v. CDM Smith, Inc.*, No. 14-cv-9107, 2017 WL 4326523, at *2 (S.D.N.Y. Sept. 27, 2017).

The "wheat" of Mr. Hunley's Complaint—the actual substantive allegations appropriately considered by the Court—are that he is a Black man; his former supervisor is female; in the spring of 2019 he complained about his former supervisor referring to him as "nothing more than a glorified Store Manager" and asking, "Can you read!?"; and he was terminated approximately eighteen months later in December 2020 after the company investigated him in connection with two complaints of sexual harassment filed by his subordinate employees.

The remainder of Mr. Hunley's allegations are the "chaff," conclusory statements that are not properly considered in evaluating the sufficiency of his Complaint. For instance, Mr. Hunley alleges, "Plaintiff began to notice Defendant's efforts to *target him disparately* and *in retaliation* in order to terminate his employ *with a pretextual reason*." Compl. at ¶ 20 (emphasis added). This passage does not include a single word that can be appropriately considered under *Twombly*

or *Iqbal* or satisfies the Second Circuit's requirement that a plaintiff's complaint be supported by more than "mere conclusory statements." The same is true for much of the remainder of Mr. Hunley's Complaint. *See, e.g., id.* at ¶ 9 (supervisor's "*harassing and discriminatory* comments"); ¶ 24 (receipt of a final written warning "was a *disparate*, *discriminatory*, and *retaliatory* action"); *id.* at ¶ 25 ("Defendant acted with *discriminatory and retaliatory intent* …"); *id.* at ¶ 26 ("Plaintiff's *pretextual, discriminatory*, and *retaliatory termination* …"); *id.* at 34 ("[Defendant's] attempt to form *their pretextual* legitimate non-discriminatory reason for the termination of Plaintiff.") (emphasis added in all).

Mr. Hunley's Complaint is the textbook example of conclusory allegations "masquerading as factual conclusion." *Kirch*, 449 F.3d at 398. It should be seen for what it is— a recitation of conclusory buzzwords designed to make the reader believe that discrimination exists where none does.

**B.    *The Complaint Fails to Allege Facts Sufficient to Establish an Inference of Discrimination Based on Mr. Hunley's Sex or Race.***

In order to state a claim as to Counts I and II, Mr. Hunley must plead facts showing that his discharge occurred under circumstances giving rise to an inference of either sex- or race-based discrimination. *See Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir. 2001). His Complaint fails to do so.

At bottom, Mr. Hunley's allegations are that he is a Black man and that Ms. Kish, a former supervisor, is female and made two comments to and about him. But nothing about either of the cited comments refers or even relates to Mr. Hunley's sex or race. *See* Compl. at ¶ 7 (Kish referred to Mr. Hunley as "a glorified Store Manager" and asked Mr. Hunley, "Can you read!?") *Id.* at ¶ 7. As one court in this Circuit noted, "[W]hile these comments may have upset [the plaintiff], they do not provide support for [his] race or gender discrimination claims." *Rogers v.*

*Bank of New York Mellon,* No. 09 Civ. 8551, 2016 WL 4362204, at *17 (S.D.N.Y. Aug. 15, 2016) (analyzing comments, including, "Plaintiff talked to herself," "Watching plaintiff is like a freak show," "It's a wonder [plaintiff has not had] a nervous breakdown," and similar).

Further, there is no allegation that Ms. Kish, who had not supervised Mr. Hunley in more than eighteen months as of Mr. Hunley's December 2020 termination, was in any way connected to or involved in the sexual harassment investigation that led to Mr. Hunley's termination or the termination decision itself.  Thus, even assuming *arguendo* that the alleged comments by Ms. Kish could be construed as evidence of discrimination based on Mr. Hunley's race or sex (they cannot), his claim still fails because "statements by non-decision makers … are insufficient to establish discriminatory intent."  *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J. concurring); *see also McLee v. Chrysler Corp.*, 109 F.3d 130, 137 (2d Cir. 1997).

Finally, even if the Court were to assume that the mere fact of a female supervisor questioning the qualifications or performance of Mr. Hunley is somehow discriminatory *and* that Ms. Kish was a decision-maker regarding his termination even though she was not, Mr. Hunley's discrimination claims still fail as a matter of law.  As this Court has noted, "[t]o be probative of discrimination, isolated comments must be contemporaneous with the discharge or causally related to the discharge decision making process."  *Beshty v. Gen. Motors*, 327 F. Supp. 2d 208, 213 (W.D.N.Y. 2004), aff'd, 144 F. App'x 196 (2d Cir. 2005).  Ms. Kish's alleged comments from spring 2019, eighteen months prior to Mr. Hunley's termination, were neither. *See also Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 220 (E.D.N.Y. 2018) (employee's discrimination claim dismissed because four months between alleged discriminatory comments and termination "is simply too large a gap to demonstrate a causal connection").

The Complaint does not include a single substantive allegation in any way related to Mr. Hunley's race or sex.  Instead, Mr. Hunley rests his entire discrimination claims on the shoulders of his own race and sex and the sex of his former supervisor.  In a factually analogous case before the Southern District of New York, the court was compelled to strip from the complaint "naked conclusions of law" and, in so doing, found:

> [T]he only facts that [the employee] alleges are that (1) he was fired and (2) he was told he "did not fit with the profile of the High Yield Group and its strategy going forward" and (3) "each [sic] other portfolio manager is a member of a protected class by virtue of his or her gender, race and/or age."

*Tappe v. All. Cap. Mgmt.* L.P., 177 F. Supp. 2d 176, 184 (S.D.N.Y. 2001).  In dismissing the employee's discrimination claims, the court concluded, "To hold that these circumstances alone give rise to an inference of race or sex discrimination would mean that employees would always have a *prima facie* case of employment discrimination whenever they lost their jobs."  *Id.*  The same is true here.   Allowing Mr. Hunley's bare bones Complaint, bereft of any allegations supporting discrimination, to survive would open the floodgates of employment litigation and drown an already over-burdened judicial system.

### C.      Mr. Hunley's Retaliation Claim Fails.

In order to state a claim as to Count III, Mr. Hunley must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010).  He has not done so and he cannot do so.

### i.      Mr. Hunley's Alleged Complaint Is Not Protected Activity.

The allegations forming the basis of Mr. Hunley's retaliation claim are that he complained that his supervisor referred to him as a "glorified Store Manager" and asked him,

"Can you read?!"   Compl. at ¶¶ 7, 9.   To satisfy the first prong of a retaliation claim, the Complaint must sufficiently allege that Mr. Hunley possessed a "good faith, reasonable belief that the underlying employment practice was unlawful" under that statute. *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998).   It is unreasonable for Mr. Hunley to believe that these alleged comments from his former supervisor evidence a violation of the law and his complaint about such comments are not protected under Title VII.   As discussed throughout, "there is no nexus between the purportedly complained-of conduct and [plaintiff's] membership in a protected class." *Johnson v. City Univ. of New York*, 48 F. Supp. 3d 572, 577 (S.D.N.Y. 2014); *see also Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.,* 716 F.3d 10, 17 (2d Cir. 2013) (affirming dismissal where, "[N]othing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory.").   At most, the Complaint alleges that Mr. Hunley complained about potentially rude behavior from his supervisor, which is not protected activity under Title VII.   *Johnson,* 48 F. Supp. 3d at 577; *Santucci v. Veneman*, No. 01-cv-6644, 2002 WL 31255115, at *4 (S.D.N.Y. Oct. 8, 2002).

Moreover, it is immaterial that the Complaint characterizes the comments about which Mr. Hunley complained as "harassing and discriminatory."  Compl. at ¶ 9.  As noted above, the Court is obliged to strip from the complaint "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Kirch*, 449 F.3d at 398.  Specific to claims of retaliation, the Second Circuit in *Kelly* affirmed a District Court's dismissal where, "despite [plaintiff's] repeated invocation of 'discrimination' and 'sexual favoritism' … there was nothing about the Plaintiff's complaints as alleged that would have put the Defendants on notice that the Plaintiff was complaining of discrimination based on gender."  *Kelly*, 716 F.3d at 14.

Title VII does not set forth "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). And alleged complaints like Mr. Hunley's that merely allege "harsh treatment," a "condescending tone," or "bullying" by a supervisor are not protected under the statute. *Murphy v. City of Newburgh*, 785 F. App'x 900, 902 (2d Cir. 2019). Mr. Hunley's retaliation claim fails because he did not engage in activity protected by Title VII.

ii. **The Complaint Fails to Allege Facts Sufficient to Establish a Causal Connection Between Mr. Hunley's Alleged Protected Activity and His Termination.**

Even if Mr. Hunley could establish that he engaged in protected conduct, his retaliation claim still fails because he does not allege the requisite causal connection between his alleged protected activity and discharge. According to the Complaint, Mr. Hunley engaged in alleged protected activity in the spring of 2019. Compl. at ¶ 9. DTLR terminated his employment in December 2020. *Id.* at ¶ 34. As a matter of law, temporal proximity of more than eighteen months is insufficient to establish that his protected activity was the cause of his termination. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) ("[T]emporal proximity between an employer's knowledge of protected activity and an adverse employment action … must be very close."); *Dotson v. City of Syracuse*, 688 F. App'x 69, 73 (2d Cir. 2017) (same); *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 314 (2d Cir. 2005) ("more than a year" is too long); *Chamberlin v. Principi,* 247 F. App'x 251, 254 (2d Cir. 2007) (five months is too long); *Adams v. Ellis*, 09 Civ. 1329, 2012 WL 693568, at *16 (S.D.N.Y. Mar. 2, 2012) ("case law in the Second Circuit and in this district often finds a limit at two or three months and almost universally disapproves longer time periods [for inferring causation]"), aff'd, 536 F. App'x 144 (2d Cir. 2013).

10

Unable to rely on temporal proximity to establish the requisite causal nexus between his protected activity and termination, Mr. Hunley's claim can only survive to the extent he can demonstrate "a pattern of antagonism over the intervening period" or "other evidence of retaliatory animus." *Chan v. NYU Downtown Hosp.*, No. 03 Civ. 3003, 2004 WL 213024, at *3 (S.D.N.Y. Feb.3, 2004); *Curcio v. Roosevelt Union Free Sch. Dist.*, No. 10-CV-5612, 2012 WL 3646935, at *14 (E.D.N.Y. Aug. 22, 2012).  Here, the Complaint alleges no such evidence of animus and no such pattern of antagonism.

In June of 2019, DTLR transferred Mr. Hunley away from Ms. Kish.  Compl. at ¶ 10. Immediately following his transfer, Mr. Hunley requested and was allegedly denied the opportunity to train in Chicago and had a series of conversations with human resources about his 401(k) plan.  *Id.* at ¶¶ 13, 17.  Even if we assume that either of these activities are "antagonistic," there is a sixteen-month gap until the next allegation of any perceived negative activity, the receipt of a warning in October 2020.  *Id.* at ¶ 21.  There is nothing tying these routine employment activities to his complaint from the spring of 2019 or to otherwise suggest a retaliatory animus by any of the various individuals involved.  And these isolated and disparate events fall woefully short of the regular and incessant antagonistic activities that would otherwise form the basis for a pattern to bridge the expansive temporal space between his spring 2019 complaint and his December 2020 termination.

Relying on *Twombley,* the Second Circuit in *Harris* vested the District Court with the responsibility to "draw on its judicial experience and common sense" when evaluating the sufficiency of a complaint.  *Harris,* 572 F.3d at 72; *see also Twombley,* 550 U.S. at 570 (requiring that allegations must be "plausible").  It is nonsensical and entirely implausible to think that DTLR would have allowed Mr. Hunley to enjoy uninterrupted and unscrutinized

11

employment for sixteen months only to begin retaliating against him at the end of 2020 for a complaint made in the beginning of 2019. In an analogous context, the Southern District of New York noted that an employer's "immediate response [to employee misconduct] belies the notion that [the employer] retaliated months later for [the employees'] November 2017 complaints." *Harrisman v. City of New York Dep't of Transportation*, No. 19-CV-2986, 2020 WL 5211043, at *5 (S.D.N.Y. Sept. 1, 2020). The same is true here. DTLR's "immediate response" to terminate Mr. Hunley following its investigation into the December 2020 complaint of sexual harassment belies the notion that its decision was in any way motivated by his alleged complaint from eighteen months prior.

Because the Complaint fails as a matter of law to establish a causal relationship between Mr. Hunley's termination and his alleged protected activity eighteen months prior, Count III of the Complaint should be dismissed.

## V.   Conclusion

As stated by another court in this Circuit when granting a defendant's motion to dismiss claims of sex- and race-based discrimination, Mr. Hunley's "[pleading] burden may be minimal, but it is still a burden." *Tappe*, 177 F. Supp. at 184. Long on conclusory statements but short on allegations that in any way connect Mr. Hunley's termination to his race, sex, or supposed protected activity, the Complaint falls woefully short of stating a claim upon which relief could be granted.

DTLR respectfully requests that the Court dismiss the Complaint, with prejudice.

**[signatures on following page]**

12

Respectfully submitted this 2nd of March, 2022.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*/s/ Taren Greenidge, Esq.*
Taren Greenidge, NY Bar No. 4875530
481 Penbrooke Drive, Suite 4B
Penfield, New York 14526
P: (585) 286-2916
F: (585) 286-2913
Email: tgreenidge@constangy.com

Maureen R. Knight, VA Bar No. 47053
*Pro Hac Vice motion to follow*
12500 Fair Lakes Parkway, Suite 300
Fairfax, Virginia 22033
T: (571) 522-6100
F: (571) 522-6101
Email: mknight@constangy.com
**Counsel for Defendant DTLR, Inc.**

13

## **CERTIFICATE OF SERVICE**

I, hereby certify that on this 2nd day of March, 2022, I caused the foregoing document to be filed with the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

Lindy Korn, Esq.
Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor
535 Washington Street
Buffalo, New York 14203
P: 716-856-5676
E: 716-507-8475
*Counsel for Plaintiff*

*/s/ Taren Greenidge*
Taren Greenidge

14