UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICKEY HUNLEY,

                                                           Plaintiff,

                          v.

DTLR VILLA, INC.,
formerly known as Sneaker Villa, Inc.,

                                                           Defendant.
_____

                                                                                                     DECISION AND ORDER

                                                                                                     22-CV-6010L

       Plaintiff Rickey Hunley filed the complaint in this action on January 10, 2022.  Hunley has sued his former employer, DTLR Villa, Inc., f/k/a Sneaker Villa, Inc. ("DTLR"), asserting claims of unlawful sex- and race-based discrimination, and retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

**I. Allegations of the Complaint**

       The complaint alleges the following facts.  Plaintiff, an African-American male, was hired by Villa Sneakers, Inc. in June 2012, as a district manager.  Villa Sneakers was acquired by DTLR in 2017.

       At that time, plaintiff's direct supervisor was Teresa Kish.  Plaintiff alleges that Kish made many "dispiriting comments" about plaintiff, both to him and to other district managers.  Complaint ¶ 6.  She once described plaintiff as "nothing more than a glorified Store Manager," and once asked plaintiff, "Can you read?!" *Id.* ¶ 7.  Believing that those comments were unjustified, plaintiff complained to DTLR's Human Resources ("HR") department and to the Vice President of Operations, Frank Long. *Id.* ¶ 9.

In June 2019, plaintiff was informed that he was being transferred to a different supervisor. There are no allegations that plaintiff was given any reason for the change, but he alleges that this was a "clear admission" that defendant knew that Kish had been treating him in an unlawfully discriminatory manner. *Id.* ¶ 11.

Plaintiff alleges that immediately after his transfer, he put in a request for job training, because he had noticed that many other district managers were leaving the company, and he wanted to "be viewed as a valuable member of the DTLR team." *Id.* ¶ 1.  Plaintiff was never approved for job training, although other district managers were.

At some point in 2019, plaintiff noticed that defendant had not been making required contributions to his 401k account.  He raised the issue with HR and with Frank Long, and was told that "other employees were experiencing the same issue," but the problem was not corrected.  "[M]onths later," plaintiff demanded that DTLR pay him for the "missing" contributions.  *Id.* ¶ 19.  The complaint does not state whether that happened.

In October 2020, plaintiff was issued a "final written notice" after an incident involving his discipline of a store manager.  Plaintiff alleges that he had issued a disciplinary "write-up" because the store manager had sold merchandise prior to its release date.  An HR representative asked plaintiff to change some specific wording in the write-up, which he did.

Another incident occurred (no date is alleged) in which a male DTLR employee falsely accused plaintiff of sexual harassment.  Plaintiff alleges that this employee had a grudge against plaintiff because the employee did not like the shifts that plaintiff had scheduled the employee to work.  DTLR investigated the complaint and found that plaintiff had not engaged in any inappropriate behavior.  *Id.* ¶ 26.

This was followed by another complaint of sexual harassment, this time from a female employee. Plaintiff alleges that this complaint was also false, and that defendant conducted a biased, sham

investigation to create a pretext for his dismissal. Although the complaint does not expressly allege this, it appears that plaintiff was terminated on or about December 2, 2020, since that is alleged to be the date of defendant's most recent discriminatory act. *Id.* ¶ 11.

Based on these allegations, plaintiff asserts three claims under Title VII: (1) sex discrimination; (2) race discrimination; and (3) unlawful retaliation.

**II. Legal Standard**

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in [a plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). "In evaluating a motion to dismiss, the Court's consideration is generally limited to the pleadings, and to any documents attached or incorporated therein by reference." *English v. Bayer Corp.*, 468 F.Supp.3d 573, 578 (W.D.N.Y. 2020).

In applying that standard, the court's task is not to decide whether there might be some conceivable set of facts, consistent with the plaintiff's allegations, that would support a claim. The question for the court is whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotations omitted). "Moreover, while at [the motion to dismiss] stage the court must accept as true all factual allegations in the complaint and

draw all reasonable inferences in favor of the plaintiff, at the same time, 'legal conclusions, deductions or opinions couched as factual allegations [need not be accorded] a presumption of truthfulness.'" *Mohnkern v. Equifax Information Systems, LLC*, No. 19-CV-6446, 2021 WL 5239902, at *2 (W.D.N.Y. Nov. 10, 2021) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.)).

### III. Analysis

Applying those standards here, it is plain that the complaint falls far short of stating a facially viable claim, under any of the legal theories asserted. Plaintiff has done little more than allege in conclusory fashion the bare elements of his claims, based on factual allegations that do not plausibly support the claims.

Plaintiff's claims suffer from multiple defects, foremost among which is that there are no facts alleged that tend to show that plaintiff's sex or race, or his complaints about certain matters, had anything to do with his termination or any other allegedly adverse job action. Even giving them a generous construction, plaintiff's allegations boil down to this: he is a black male; as least one of his supervisors was female; and he experienced some problems during his employment, leading up to and including his termination.

The law is clear, though, that a Title VII plaintiff must allege more than that. "Simply being a member of a protected class, without something more to link that status to the action in question, is not enough to raise a reasonable inference of discriminatory animus." *Cole v. Board of Trustees of Northern Ill. Univ.*, 838 F.3d 888, 900 (7th Cir. 2016). *See also Canady v. Union 1199/SEIU*, 527 F.Supp.3d 515, 516 (W.D.N.Y. 2021) ("simply falling into a protected category is not enough"); *Perry v. County of Westchester*, No. 06-CV-3000, 2008 WL 11438085, at *17 (S.D.N.Y. Mar. 31, 2008) ("Plaintiff's membership in a protected class in and of itself does not establish discriminatory animus"). Likewise,

the fact that an employee complained about *something* at some point, without more, does not plausibly suggest that any subsequent adverse actions were retaliatory. *See Cole*, 838 F.3d at 901 (plaintiff's "membership in a protected class, without anything more, is not enough to transform his general complaint about improper workplace practices into a complaint opposing race discrimination").

In none of the incidents or problems alleged is there any indication that plaintiff's race, sex or protected activity was a factor. Kish, a woman, apparently criticized plaintiff on at least one occasion, perhaps less than tactfully. But "Title VII does not set forth a general civility code for the American workplace," *Redd v. N.Y.S. Div. of Parole*, 678 F.3d 166, 176 (2d Cir. 2012) (internal quote omitted), and absent allegations suggesting unlawful animus–which are completely lacking here–that does not give rise to a Title VII claim.

Plaintiff's assertion that his transfer to a different supervisor in June 2019 is a "clear admission" by DTLR that Kish, as DTLR's agent, had unlawfully discriminated against plaintiff, *see* Complaint ¶ 11, is clearly meritless. There are any number of reasons why DTLR might have made that decision, and since there is not a single fact alleged indicating that any unlawful animus was at work, plaintiff's conclusory allegation that this amounted to an "admission" of such fails to meet the plausibility test recited above.

There are also wide gaps, temporal and otherwise, between plaintiff's complaints and his eventual termination. He alleges that he complained about Kish's "harassing and discriminatory comments" in the spring of 2019. He was terminated in December 2020. At that point, he had been working under a different supervisor for roughly a year and a half. That temporal gap and the fact that Kish is not alleged to have played any role in the decision to terminate plaintiff significantly weakens any inference of discriminatory or retaliatory animus. *See Farooq v. City of New York*, No. 20-3185, 2022 WL 793117 at *4 (2d Cir. Mar. 16, 2022) (finding that a five-month gap, standing alone, is insufficient to

show causation). And again, even if Kish did have some input into that decision, there are no allegations that would give rise to a plausible inference that she was motivated by prohibited animus.

The other matters alleged by plaintiff, concerning job training, his 401k plan, and allegations against him of sexual harassment, also lack any indicia of unlawful discrimination or retaliation. Plaintiff has not alleged that similarly situated employees outside the protected class were treated differently, or that he ever complained about unlawful discrimination or any practices prohibited by Title VII. Plaintiff has essentially compiled a laundry list of problems that he had at work, and alleged in conclusory fashion that they were all occasioned by unlawful discrimination and retaliation.

That is not enough to state a claim under Title VII. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). *See also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In his response to defendant's motion, plaintiff requests that he be granted leave to amend the complaint, stating that he "can cure any deficiencies in the claims by pleading additional facts." (Dkt. #11 at 13.) He does not provide any inkling of what those "additional facts" might be.

I decline to accept that offer. It is not the Court's job to tell plaintiff how to "fix" the complaint, but to determine whether the complaint presented to the Court states a facially valid claim. It does not, and plaintiff has provided no reason to think that an amended complaint would fare any better.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #6) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　May 9, 2022.